IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN J. WILSON,

        Plaintiff,

v.                                  No. 17cv184 MCA/KBM

COMCAST, a.k.a. INFINITY,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS
## AND DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed February 6, 2017, on his Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 6, 2017, 2017 ("original Application"), on his Amended Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed February 8, 2017 ("Amended Application"), on his Motion to Supplement Pleading and Amend Caption, Doc. 6, filed April 7, 2017, and on his Application and Argument to Have Complaint Proceed, Doc. 7, filed May 3, 2017. For the reasons stated below, will **GRANT** Plaintiff's Amended Application, **DENY** his original Application as moot, **DISMISS** his Complaint **without prejudice**, **DENY** his Motion to Supplement Pleading and Amend Caption **as moot**, and **DENY** his Application and Argument to Have Complaint Proceed **as moot.** Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the

Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff states that: (i) his monthly income is $882.00; (ii) his monthly expenses are $842.00; (iii) he has $231.00 in cash and $230.00 in bank accounts; (iv) he has no assets; and (v) he is unemployed. Because he is unemployed and his monthly expenses exceed his monthly income, the Court finds that Plaintiff is unable to prepay the fees to initiate this action. Because it is granting Plaintiff's Amended Application, the Court will deny his original Application to proceed *in forma pauperis* as moot.

**Dismissal of Complaint for Failure to Plead with Sufficient Particularity**

Plaintiff, a customer of Defendant Comcast, alleges Defendant "through fraud, unlawfully gained monetarily for services provided" and "used deceit and fraudulent tactics . . . to systematically increase the payment for their services," and that "fraud by wire is applicable to Defendant Comcast." Complaint at 1-3.

Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9's purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based. . . ." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud , . . . and must set forth the time [and date], place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006). Plaintiff's allegations in this case are vague and conclusory. Plaintiff alleges that Defendant "behaved unlawfully through deceit and fraud," "used deceit and fraudulent tactics," and refers to Defendant's and its employees' unspecified unlawful "acts" and "omissions." Plaintiff does not set forth the time, place, and content of the fraudulent representations or the specific consequences of the fraudulent statements. *See George v. Urban Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016) ("because Fed. R. Civ. P. 9(b) requires a plaintiff to plead mail and wire fraud with particularity, the plaintiffs must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof").

The Court will dismiss Plaintiff's Complaint without prejudice because it fails to plead with sufficient particularity his claims of fraud and conspiracy. Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Other Motions**

Plaintiff filed a motion to supplement his Complaint and to amend the caption of his Complaint. *See* Doc. 7. He also file a motion asking the Court to "allow Plaintiff to proceed on the merits" of his Complaint. Doc. 7. Because it is dismissing Plaintiff's Complaint without prejudice and granting Plaintiff leave to file an amended complaint, the Court will deny Plaintiff's Motion to Supplement Pleading and Amend Caption and his Application and Argument to Have Complaint Proceed as moot.

**Service of Process**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]". 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time because the Court is dismissing the Complaint. The Court will order service if Plaintiff timely files an amended complaint which states a claim and shows that the Court has jurisdiction over this matter, and which includes the addresses of every defendant named in the complaint.

4

**IT IS ORDERED** that:

(i) Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed February 8, 2017, is **GRANTED;**

(ii) Plaintiff's original Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 6, 2017, 2017, is **DENIED as moot;**

(iii) Plaintiff's Complaint, Doc. 1, filed February 6, 2017, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

(iv) Plaintiff's Motion to Supplement Pleading and Amend Caption, Doc. 6, filed April 7, 2017, is **DENIED as moot;**

(v) Plaintiff's Application and Argument to Have Complaint Proceed, Doc. 7, filed May 3, 2017, is **DENIED as moot.**

_____
**M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE**