# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOHN J. WILSON,

      Plaintiff,

v.                                                                                      No. 17cv184 MCA/KBM

COMCAST, a.k.a. XFINITY,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Complaint, Doc. 9, filed June 9, 2017. For the reasons stated below, the Court will **DISMISS** this case **without prejudice**,

In his original Complaint, Plaintiff, a customer of Defendant Comcast, alleged Defendant "through fraud, unlawfully gained monetarily for services provided" and "used deceit and fraudulent tactics . . . to systematically increase the payment for their services," and that "fraud by wire is applicable to Defendant Comcast." Complaint at 1-3, Doc. 1, filed February 6, 2017.

The Court reminded Plaintiff that Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud , . . . and must set forth the time [and date], place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006).

The allegations the original Complaint were vague and conclusory. The Court informed

Plaintiff that he did not set forth the time, place, and content of the fraudulent representations or the specific consequences of the fraudulent statements. *See George v. Urban Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016) ("because Fed. R. Civ. P. 9(b) requires a plaintiff to plead mail and wire fraud with particularity, the plaintiffs must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof").

> To establish the predicate act of mail fraud, [plaintiffs] must allege "(1) the existence of a scheme or artifice to defraud or obtain money or property by false pretenses, representations or promises, and (2) use of the United States mails for the purpose of executing the scheme." *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 892 (10th Cir.1991). *See United States v. Kennedy,* 64 F.3d 1465, 1475 (10th Cir.1995). "The elements of wire fraud are very similar, but require that the defendant use interstate wire, radio or television communications in furtherance of the scheme to defraud." *BancOklahoma Mortgage Corp.,* 194 F.3d at 1102 (internal quotation omitted).
>
>> [T]he common thread among ... these crimes is the concept of "fraud." Actionable fraud consists of (1) a representation; (2) that is false; (3) that is material; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent it be acted on; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance; (8) the hearer's right to rely on it; and (9) injury.
>
> *Id.* at 1103. Failure to adequately allege any one of the nine elements is fatal to the fraud claim.

*Tal v. Hogan*, 453 F.3d 1244, 1264 (10th Cir. 2006).

The Court dismissed Plaintiff's Complaint without prejudice for failure to plead his claims of fraud and conspiracy with sufficient particularity and granted Plaintiff leave to file an amended complaint. *See* Doc. 8 at 3-4, filed May 31, 2017.

Plaintiff's Amended Complaint similarly fails to plead his claims of fraud and conspiracy with sufficient particularity. Most of the allegations are vague and conclusory, for example, "A

pattern of deceitful and fraudulent assurances and representations made knowingly or recklessly and verbal contracts broken by those employed by Comcast," "Comcast used deceit and fraudulent tactics by and through their employees or agents, to systematically increase the payment for their services by unlawful means," and "Comcast's employee's, agent's deceitful acts, misrepresentations, assurances and assertions, were unlawful, and fictions as were verbal contracts that were meant to deceive and defraud." Complaint at 2, 3 and 5. Plaintiff does not describe the rate changes, the allegedly reckless representations and fraudulent tactics, the "deceitful acts, misrepresentations, assurances and assertions," or the verbal contracts.

The closest Plaintiff comes to stating a claim with particularity is when he discusses one "wire misrepresentation:"

> Plaintiff alleges that the named Defendant Comcast has for a prolonged period, behaved unprofessionally through deceit. This done by employees or agents of Comcast through "wire" misrepresentations of fact that harmed Plaintiff on numerous occasions. The latest, on or about February of 2016. A "wire" communication from a Comcast employee or agent. Deceitful and fraudulent representations were made to Plaintiff by a Comcast employee, by "wire" that a change in his existing communication plan would be beneficial. A **two 2 year** guaranteed rate of one hundred and twenty two dollars and five cents; **$122.05 was represented.** And in good faith Plaintiff agreed. The rates duration, one (1) month. **Plaintiff has never sought or solicited any accommodations from the Defendant.** Response to questions about the breaches were specious.

Amended Complaint at 2-3 (**bold** in original).

Plaintiff states he "is unsure of the exact time, date or name of the perpetrator(s) . . . [and] expects the discovery process will satisfy Fed. Rule Civ. Pro 9 requirements as the information is yet unavailable to pro se Plaintiff." Amended Complaint at 3. "[I]in determining whether a plaintiff has satisfied Rule 9(b), courts may consider whether any pleading deficiencies resulted from the plaintiff's inability to obtain information in the defendant's exclusive control." *George*

3

*v. Urban Settlement Services*, 833 F.3d 1242, 1255 (10th Cir. 2016).  However, when a plaintiff asserts the facts in question are within the opposing party's control, the complaint must set forth the factual basis for the plaintiff's belief that defendant has committed fraud.  *See Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992) ("Allegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the plaintiff's belief").

While some information may be in Defendant's exclusive control, such as Defendant's and its employees' intent and knowledge of a scheme to defraud Plaintiff and their knowledge of the alleged falsity of their representations, Plaintiff has not set forth any factual basis for his belief that Defendant and its employees intended to deceive and defraud Plaintiff.  Other information, however, is not within Defendants exclusive control and Plaintiff should have pleaded those facts with particularity.  According to the Amended Complaint, the allegedly fraudulent representations were made to Plaintiff and Plaintiff knew that Defendant increased his payments for Defendants' services.  Yet Plaintiff does not set forth the time and content of the false representations, the time and amount of the increased payments, and the total injury to Plaintiff.  The one incident where Plaintiff does plead with some particularity, quoted above, does not set forth any factual basis for his belief that Defendant intended to defraud Plaintiff or that Defendant's employees knew that their representations were false.

The Court will dismiss this case without prejudice because Plaintiff has not pleaded his claims of fraud with sufficient particularity.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**